Joint District Nos. 70 and 98, *Counties of Atchison and Jefferson*, v. School District No. 11, etc., *et al.*

**No. 11108.**

Practice, Supreme Court—*Amount in Controversy.* In an action to enjoin the transfer of territory and attach it to a joint school district, the amount in controversy is the amount arising from an authorized levy of taxes on the real estate for school purposes.

Error from Jefferson district court; Louis A. Myers, judge. Opinion filed March 11, 1899. Certified.

*C. D. Walker*, and *J. L. Berry*, for plaintiff in error.
*Wm. F. Gilluly*, for defendants in error.

Per Curiam: Six resident taxpayers of a joint school district petitioned the county superintendents of Atchison and Jefferson counties to detach a strip of territory from two adjoining districts and attach the same to the joint district. The petition was denied by these officers. One of the petitioners undertook to appeal to the state superintendent of public instruction, and that officer, after a hearing, reversed the decision of the county superintendents and directed them to attach the territory to the joint district. As the county superintendent of Jefferson county was about to carry the decision into effect, and the county

clerk to place the property so intended to be transferred on the tax-roll and treat the property as a part of the joint district, an action was brought to enjoin them from so doing, alleging that the proceedings for the change of the boundaries were taken without the required notice and were void. The court held the proceedings to be invalid and enjoined the transfer of the territory to the joint district. The case was brought directly to the supreme court, and a motion is made to dismiss it because the record contains no certificate of the judge of the district court that the action is one belonging to the excepted classes, and because there is no showing that the amount in controversy exceeds the sum of $2000, and the record does not even show that there is $100 in controversy exclusive of interest and costs.

This court is certainly without jurisdiction to determine the matter in controversy, as the amount involved is insufficient. The claim that the rights involved are not susceptible of a valuation in money is not good. It is not the strip of land nor its value that is involved, but it is the taxes to be derived by levy upon the real estate attempted to be transferred. There is no claim that there is a schoolhouse on the strip in question, or that a matter of convenience in reaching a schoolhouse is the right in controversy. Evidently the purpose of adding territory to the joint district is to make it stronger by increasing the taxable property of the district. The other districts are resisting the transfer of the territory because it takes from them a source of revenue and correspondingly weakens them. A monetary valuation may be placed on the rights in controversy, and that is the amount arising from an authorized levy on the real estate for school purposes. It is shown that the aggregate

market value of all the real estate in question is $25,000, and any authorized levy of taxes for school purposes would produce an amount far short of the jurisdiction of this court.

Whether there is a sufficient amount involved to give the court of appeals jurisdiction may be properly left to that court to decide. The case will be certified to the court of appeals for the northern department.